UNION COUNCIL NO. 8, NEW JERSEY CIVIL SERVICE ASSOCIATION, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. HOUSING AUTHORITY OF THE CITY OF ELIZABETH, JOSEPH AREK AS TREASURER OF THE HOUSING AUTHORITY OF THE CITY OF ELIZABETH, FRANK E. SOVINEE, CARLOS FERRER, ABE ROSENSWEIG, CHARLES F. SCHEUERMAN AND EDWARD A. SMOLEN, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided July 3, 1973.

*Mr. David Fox* for plaintiff (*Messrs. Fox & Fox,* attorneys)

*Mr. Semour S. Lichtenstein* for defendants Housing Authority of the City of Elizabeth, Joseph Arek, Frank E. Sovinne, Carlos Ferrer, Abe Rosensweig, Charles F. Scheuerman and Edward A. Smolen.

WALSH, J. C. C. (temporarily assigned). Union Council #8, New Jersey Civil Service Association, Inc. (hereinafter Council 8) is a bonafide employee organization. The members of the Council include permanent, full-time public employees who are covered by the New Jersey Civil Service Act (*Revised Statutes, Title* 11), as well as other employees. The Council has been certified in accordance with the New Jersey

Employer-Employee Relations Act, *N. J. S. A.* 34:13A–1 *et seq.*, as the exclusive representative for collective bargaining negotiations on behalf of certain nonsupervisory employees employed by various governmental bodies in Union County.

The Housing Authority of the City of Elizabeth (hereinafter Authority) is a body corporate and politic operating under the provisions of *N. J. S. A.* 55:14A–1 *et seq.* Defendant Joseph Arck is the Assistant Director of the Housing Authority. The remaining individual defendants are commissioners in whom the powers of the Authority are vested.

When employees request the Authority, in writing, to make certain deductions from their salaries for the purpose of paying dues to their respective employee organizations, *N. J. S. A.* 52:14–15.9e requires the Authority to make such deductions and to transmit them to the specified employee organizations.

Between January 15 and March 8, 1971 eight employees requested the Authority, in writing, to deduct their dues and to transmit them to the Council. The deductions were made by the Authority through November 19, 1971, a portion of which were transmitted to the Council.

On November 19, 1971 the chairman of the Authority directed that no further dues deductions be made, and that any deductions then held by the Authority be returned to the respective employees. On July 5, 1972 the Council submitted to the Authority dues deduction requests from four additional employees of the Authority. The Council has requested that the Authority honor all of the 12 dues deduction requests, but the Authority has refused to do so.

This matter is somewhat complicated in that, on May 4, 1970, a petition was submitted to the Housing Authority by 19 of its employees requesting that the Council be authorized to represent them in collective bargaining negotiations with the Authority. Many of the employees presently requesting that their dues be deducted by the Authority and transmitted to the Council are among those employees who petitioned for

representation by the Council in 1970. The Authority further points to the fact that 10 out of the 12 employees now requesting dues deductions hold supervisory positions with the Authority. Defendants argue that these supervisory personnel cannot join the Council because it also represents nonsupervisory employees. Hence, the Authority contends that it should not be required to make the requested deductions.

The Authority bases its argument on *N. J. S. A.* 34:13A–5.3 of the New Jersey Employer-Employee Relation Act, which provides in part:

* * * nor, except where established practice, prior agreement or special circumstances, dictate the contrary, shall any supervisor having the power to hire, discharge, discipline, or to effectively recommend the same, have, the right to be represented in collective negotiations by an employee organization that admits nonsupervisory personnel to membership, * * *

Plaintiff Council now seeks summary judgment ordering that the Authority honor the aforesaid dues deduction requests. In addition, the Council seeks an accounting from the Authority for all dues which the Authority has failed to deduct and pay to plaintiff.

The precise issues involved herein are novel, and apparently have not heretofore been considered by our state courts. *N. J. S. A.* 52:14–15.9e, enacted in 1967, became effective on February 27, 1968. It states as follows:

Whenever any person holding employment, whose compensation is paid by this State or by any county, municipality, board of education or *authority* in this State, or by any board, body, agency or commission thereof shall indicate in writing to the proper disbursing officer his desire to have any deductions made from his compensation, for the purpose of paying the employee's dues to a bona fide employee organization, designated by the employee in such request, and of which said employee is a member, such disbursing officer shall make such deduction from the compensation of such person and such disbursing officer shall transmit the sum so deducted to the employee organization designated by the employee in such request.

Any such written authorization may be withdrawn by such person holding employment at any time by the filing of notice of such withdrawal with the above-mentioned disbursing officer. The filing of

notice of withdrawal shall be effective to halt deductions as of January 1 or July 1 next succeeding the date on which notice or withdrawal is filed.

This statute confirms that the written requests for dues deductions submitted by the employees of the Authority are proper. Since the statute sets forth no qualifications as to whether the members are supervisory or nonsupervisory personnel, we must look elsewhere to determine if there is substance to the Authority's position that supervisory personnel are not allowed in the same organization as nonsupervisory personnel, and that such a duality of membership violates state law.

The New Jersey Employer-Employee Relations Act authorized the establishment of a Public Employees Relations Commission (PERC) in New Jersey and provided for certification of employees representatives as exclusive representatives for purposes of collective bargaining negotiations and for other purposes.

*N. J. S. A.* 34:13A–5.3 of the act states, in pertinent part, the following concerning supervisory employees:

Nor * * * shall any supervisor * * * have the right to be represented in collective negotiations by an employee organization that admits non supervisory personnel to membership, * * * the fact that any organization has such supervisory employees as members shall not deny the right of that organization to represent the appropriate unit in collective negotiations.

It is apparent from a review of this statute that there is nothing which, as defendant Authority contends, prohibits a labor organization from having both supervisory and nonsupervisory personnel among its membership. The statute specifically states that even if an organization has both types of members, it nevertheless may still represent nonsupervisory employees for purposes of collective bargaining negotiations. The court in *Bowman v. Hackensack Hospital Ass'n,* 116 *N. J. Super.* 260 (Ch. Div. 1971), in discussing the statute stated:

> It would appear that our policy, as set forth by the New Jersey Legislature, is not to disqualify an organization from functioning as the collective bargaining representative of nonsupervisory employees because of the fact that there might be supervisors included within its membership. Rather, it would appear that the only prohibition under the New Jersey act is that supervisors not be included within the same unit as nonsupervisors. [at 273]

The Authority has cited *Bowman* for the proposition that should a community of interest exist between supervisory and nonsupervisory personnel, then the supervisors would be ineligible for membership in plaintiff organization. This interpretation of *Bowman* is erroneous in two respects. First, *Bowman* stands for the proposition that if a "community of interest" does exist among employees seeking recognition of a negotiating unit, then there is no impediment to their being represented by the chosen unit. Secondly, if the "community of interest" does not exist, then they may not be represented by the same bargaining unit but they are not precluded from membership in the same organization.

To appreciate the law discussed in *Bowman* it must be remembered that a bargaining unit is not synonymous with a labor organization. *N. J. S. A.* 34:13–5.3 allows supervisors to be members of labor organizations which contain nonsupervisory members and only prohibits supervisors from being within the same bargaining unit as non-supers.

This court holds that membership in plaintiff organization by supervisors is not violative of state law and consequently defendant Authority should honor the dues deduction requests made by its employees pursuant to *N. J. S. A.* 52:15–15.9e.

Defendants' fear, that once the court orders the dues deducted and transferred, the Authority will be required to recognize plaintiff as the bargaining unit for all of its employees belonging to the Council, bears no merit. The Authority's collection of the Council's dues will not in any way entitle plaintiff to act as bargaining agent for employees of the Authority.

It is clear that the Legislature intended that disputes over the designation of an appropriate negotiating unit be handled by the Public Employees Relations Commission. See *Board of Education, West Orange v. Wilton,* 57 *N. J.* 404 (1971). Hence, recognition of plaintiff as a collective bargaining agent is not a relevant issue in the present case.

Henceforth the Authority shall collect and transmit dues to the Council pursuant to the written requests of its employees. However, no accounting shall be granted to plaintiff for past dues in this action.